UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff, | : <br> : <br> : | CIVIL ACTION NO.<br>3:09-CV-1748 (JCH) |
| v. | : <br> : | |
| MARGARET A. MULLANEY, a/k/a<br>Margaret A. Alter,<br>    Defendant. | : <br> : <br> : | NOVEMBER 5, 2010 |

**RULING RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 18)**

**I.    INTRODUCTION**

Plaintiff, the United States ("the Government"), brings this action against defendant, Margaret A. Mullaney ("Mullaney"), to recover money owed to the Government pursuant to a number of student loans received by Mullaney.

The Government moves the court under Fed. R. Civ. P. 56, seeking summary judgment in its favor. Mullaney failed to file an Opposition. For the following reasons, the court grants the Government's Motion.

**II.    DISCUSSION**

On a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). Once the moving party has met its burden, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial," Anderson, 477 U.S. at 255, and present such evidence as would allow a jury to find in his favor, Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000).

1

Because "the burden of the nonmovant to respond arises only if the motion is properly supported," a court may not grant summary judgment solely on the basis of a failure to respond, but must "examin[e] the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." Amaker v. Foley, 274 F.3d 677, 681 (2d Cir.2001) (internal quotation marks omitted). However, failure to respond permits the court to accept the movant's factual assertions as true, if they are supported by the record. See D. Conn. L. Civ. R. 56(a)(1) (providing that material facts set forth in a party's Local Rule 56(a)(1) Statement are "deemed admitted" unless they are controverted in a responsive statement).

The Government is entitled to summary judgment if its evidence establishes that Mullaney signed promissory notes, received loans pursuant to these notes, and defaulted on her payment obligations. See Proctor v. U.S. Dep't of Educ., 196 F. App'x 34, 347-38 (6th Cir. 2006); United States v. Irby, 517 F.3d 1042, 1043 (5th Cir. 1975); United States v. Whittlesey, Civil No. 3:09CV1726, 2010 WL 1882283, at *2 (D. Conn. May 11, 2010); see also United States v. Quigley, No. 93-55105, 1993 WL 354993, at *1 (9th Cir. Sept. 13, 1993) (finding that the Government established its prima facie case of default by including "(1) A Certificate of Indebtedness, (2) a promissory note signed by [the defendant], (3) a purchase money mortgage signed by [defendant], (4) a VA Guaranteed Loan Rider signed by [defendant], (5) the lending institution's Claim Under Loan Guaranty, and (6) a computer printout showing the status of [defendant's] loan"). In the instant case, the Government produced five promissory notes signed by Mullaney, see L.R. 56(a)(1) Stmt., Exs. A-E (Doc. Nos. 18-4 to 18-8), and a signed Certification of Indebtedness from the Department of Education indicating that Mullaney

received three loans pursuant to these notes and failed to make any payments on them, see Compl., Ex. A (Doc. No. 1). Mullaney has not produced any evidence creating a material issue of fact with respect to the question of default.

Mullaney did allege in her Answer that she was "under the mistaken belief that the debt was discharged in bankruptcy" and that collectors failed to "offer proof" that her debt was not discharged in bankruptcy. Answer 1 (Doc. No. 13). However, there is no evidence on the record in support of that claim. See Proctor, 196 F. App'x at 348 (noting that the burden of proof of a defense to repayment is on the debtor). Further, such an alleged failure by the creditors does not appear to be a viable defense to default. Cf. United States v. Smith, 862 F. Supp. 257, 262 (D. Haw. 1994) (finding that debtor did not have standing to sue lender under due diligence requirements within student loan statutes); Phillips v. Pa. Higher Educ. Assistance Agency, 497 F. Supp. 712, 723 (W.D. Pa. 1980) (same), rev'd on other grounds, 657 F.2d 554 (3d Cir. 1981).

In light of the evidence before it, the court finds that there is no issue of material fact, and the Government is entitled to summary judgment.

## III. CONCLUSION

For the foregoing reasons, the court grants plaintiff's Motion for Summary Judgment (Doc. No. 18).

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 5th day of November, 2010.

                                        /s/ Janet C. Hall
                                        Janet C. Hall
                                        United States District Judge